USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

The Guardian Life Insurance Company
of America,

                           Plaintiff,

          -against-                          08 Civ. 9857 (LLS)

Ronald Alan Dukes, Edward Allen Stein        **MEMORANDUM and ORDER**
and Dukes & Stein, LLC,

                           Defendants.
------------------------------------------X


     Pro se defendant Dukes moves to dismiss this breach of
contract action for improper venue or to transfer it to the
Eastern District of Virginia's Norfolk Division, where the
individual defendants reside and where the apparently defunct
corporate defendant maintained its principal place of business.


                    Venue in this District


     Plaintiff is an insurer headquartered in New York City which
appointed the defendants as its "general agents" to develop a
sales force of insurance agents and sell its insurance products in
the Norfolk, Virginia area.  Plaintiff claims that defendants
breached the parties' Agreement of General Agency by failing to
repay $289,427.29 owed for advances of funds loaned against their
expected earnings from insurance sales.

     Plaintiff's Regional Sales Director for Agency Distribution
and Development, Mr. Donald M. Hancock, declares under penalty of

perjury (his Apr. 1, 2009 Decl. at ¶¶ 4, 7, 13-18, 22, 26-30) that the decisions to appoint the defendants as its general agents, to grant them specified advances and loans, and to terminate the Agreement were made by employees of its New York City office; that all funds paid or loaned to defendants were disbursed from its New York City office; that the amount of the commissions and other compensation payable by it to defendants is governed by New York Insurance Law § 4228 for insurance sales within and outside of New York; that defendants' performance under the Agreement was supervised by employees of its New York City office; that the Agreement provides that its books and records, which are located in its New York City office, shall constitute the evidence of defendants' indebtedness; that defendants' debt is payable on demand to its New York City office; that defendant Dukes communicated about the payment of the outstanding debt by correspondence to its New York City office; and that its damages from the breach of the Agreement were suffered in New York.

Plaintiff's showing is sufficient to establish that the Southern District of New York is a proper venue as "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred", 28 U.S.C. § 1391(a)(2).

Transfer Under 28 U.S.C. § 1404(a)

Nevertheless, it is apparent that the action should be transferred to the Eastern District of Virginia for the convenience of the parties and witnesses, and in the interests of justice.

The counter-claim of defendant Dukes, who appears pro se, establishes that the performance of the underlying Agreement, and the source of the funds for which plaintiff sues, were to take place and be generated in Virginia Beach, Virginia. The counter-claim alleges, ¶¶ 4-10:

> 4.    Prior to his resignation, Dukes and Co-Defendant Edward Allen Stein ("Stein") operated Dukes & Stein, LLC as an insurance agency (the "Office") at 448 Viking Drive, Suite 350, Virginia Beach, Virginia.
>
> 5.    Dukes, Stein, and Guardian, under the GA Agreement, had invested the time and money to develop the Office, to hire, train and cultivate the life insurance agents and other employees employed at the Office, to furnish the Office with appropriate furniture, fixtures, equipment and appliances; and, generally, to develop the portfolio (the "Renewal Portfolio") of life insurance customers and policies that would provide renewal life insurance premium income to Dukes, Stein, and Guardian.
>
> 6.    The Renewal Portfolio was the valuable asset that Dukes, Stein, and the Guardian expected to (and by the GA Agreement, had agreed would) repay any and all amounts due and payable to Guardian, and to pay Dukes and Stein the remaining amounts pursuant to the GA Agreement.
>
> 7.    At the time of the resignation of Dukes, the value of the Renewal Portfolio had a value of no less than one million five hundred thousand dollars ($1,500,000.00) and would have paid in full any and all

amounts due and payable to Guardian, with the remaining amount being paid to Dukes and Stein.

8.    Immediately following the resignation of Dukes, Guardian hired Stein as an employee of Guardian to manage the Office located at 448 Viking Drive, Suite 350, Virginia Beach, Virginia; to supervise the life insurance agents and other employees at the Office; to safeguard the furniture, fixtures, equipment and appliances and other physical assets of the Office; and to manage the Renewal Portfolio.

9.    Within the scope of his employment by Guardian, Stein grossly mismanaged the Office located at 448 Viking Drive, Suite 350, Virginia Beach, Virginia; grossly mismanaged the life insurance agents and other employees of the Office causing the majority of life insurance agents to quit and seek employment elsewhere; grossly failed to safeguard the furniture, fixtures, equipment and appliances and other physical assets of the Office; sold approximately $30,000.00 of the furniture, fixtures, equipment and appliances to a law firm in the same building and (on information and belief) failed to remit such sale proceeds to Guardian (thereby failing to reduce amounts otherwise jointly and severally owed by Dukes and Stein to Guardian); and grossly mismanaged the Renewal Portfolio, literally stripping it of any value whatsoever.

10.   The management activities of Stein as described in the previous paragraphs constitutes the sum and substance of Guardian's conduct and activity under the GA Agreement to manage and administer, in the manner required by the GA Agreement, commission advances and the Renewal Portfolio-based payment of amounts owed to Guardian, and owed to Dukes.

It is apparent that the factual disputes generated with respect to this claim must be resolved by witnesses in Virginia and should be heard by a Virginia jury. The administrative decisions by officers of Guardian in New York City, and the documents concerning them, are readily susceptible of proof by a single witness and his or her testimony will be essentially noncontroversial. Transmittal of the related documents to

4

Virginia is routine.  By contrast, those witnesses with knowledge of the management and productivity of the office in Virginia Beach are located in that area, and plaintiff's choice of forum does not override the inconvenience involved in requiring those witnesses to remove to New York, a location which has no connection with the evidence controlling the disposition of this litigation.  As noted in National Union Fire Ins. Co. of Pittsburgh, Pa. v. Frasch, 751 F. Supp. 1075, 1081 (S.D.N.Y. 1990), a corporation should be prepared to litigate wherever it does business.

The Clerk will transfer the file to the United States District Court for the Eastern District of Virginia.


So ordered.

DATED:   New York, New York
         April 9, 2009


_Louis L. Stanton_
LOUIS L. STANTON
U. S. D. J.